THE UNITED STATES DICTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BLEIER;  ELFRIEDE KORBER; | ) | Civil Action |
| CHRISTOPHER MARK; | ) | No. 08 CV 6254 |
| Individually and on Behalf of | ) | |
| All Others Similarly Situated | ) | **THE HONORABLE** |
| | ) | **JAMES B. ZAGEL** |
| Plaintiffs, | ) | United States District Court Judge |
| -vs- | ) | |
| | ) | <u>CLASS ACTION</u> |
| BUNDESREPUBLIK DEUTSCHLAND a/k/a | ) | |
| "FEDERAL REPUBLIC OF GERMANY";  et al. | ) | |
| | ) | Hon. Susan E. Cox |
| | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM IN SUPPORT OF
# PLAINTIFF'S MOTION FOR LEAVE TO
# SERVE PROCESS UPON DEFENDANT DEUTSCHE BUNDESBANK
# ("German National Bank") BY ALTERNATE METHOD OF SERVICE

### <u>Preliminary Statement</u>

The Federal Rules of Civil Procedure permits service of process to be made by any proper

means directed by the court.  Defendant Deutsche Bundesbank ("German National Bank") has

representative counsel and attorney Jeffrey Harris - who insisted that Germany wanted service via

FSIA and the Plaintiffs used the FSIA procedures - which naturally include Service Abroad under

Hague Convention via Central Authority, Oberlandesgericht, Frankfurt.  Plaintiffs have followed

the procedures recommended, agreed and/or requested by the Federal Republic of Germany, and

the Deutsche Bundesbank ("German National Bank") has been properly served on July 14, 2010,

by the Oberlandesgericht Frankfurt per Hague Convention.  Now Germany has reneged on its

agreement, and Deutsche Bundesbank misrepresents facts and pretends "it has not been served".

Plaintiffs counsel filed the affidavit of service (Doc. No. 217-1) relative to the alias summons and second amended complaint which was served on July 14, 2010 upon Deutsche Bundesbank properly via the "Central Authority" in Frankfurt the *Oberlandesgericht Frankfurt* pursuant to the Hague Convention, and the Plaintiffs translated the documents to German in accordance with the applicable procedures for service in Frankfurt under the Hague Convention.

After the Plaintiffs attorney filed the Affidavit of Service in September 14, 2010, the defendant Deutsche Bundesbank decided to ignore the served documents by Oberlandesgericht Frankfurt and instructed Mr. Kempf and Friemuth to submit a letter "*to whom it may concern*" dated September 23, 2010, more than sixty days after service of process, and to write in the letter that Deutsche Bundesbank "*has not been served*" - which is totally not true.  Service was properly executed.   Deutsche Bundesbank received the summons and complaint November 2008 (Doc.No. 217-3) by registered mail from Belgium, and July 14, 2010 per the Hague Convention Service via ("Central Authority"), the Oberlandesgericht Frankfurt, (Doc. No. 217-2).

 In reality, Mr. Heinz received the Request for Service Abroad under Hague Convention and the alias summons and 2d Am. Complaint documents at *Oberlandesgericht Frankfurt* on July 5, 2010 (See Doc. No. 217-2, filed 09/14/10) by hand delivery from Plaintiffs' attorney who journeyed to Frankfurt; and Ms. Violnoff confirmed that service upon Deutsche Bundesbank was done by the Oberlandesgericht Frankfurt. See *Declaration Elfriede Korber* (Doc. No. 230).

The firm of Rubin, Winston, Diercks, Harris & Cooke, LLP and attorney Jeffrey Harris, Esq. is the appointed representative and counsel for Deutsche Bundesbank, and the defendant Deutsche Bundesbank may be contacted via Jeffrey Harris, Esq. or Max Riederer Von Paar, Esq, or designated local counsel in Chicago, Alexander D. Kerr, Jr., and firm Tishler & Wald, LLP.

2

Substitute service of process in this action on Defendant's counsel, would comport with constitutional notions of due process and would serve to expedite joinder of all parties to this action. The Defendant <u>Deutsche Bundesbank</u> is playing games with Plaintiffs and the Court to delay the proceedings and interpose additional costs upon Plaintiffs relative to service of process. Defendant even declares that if it deems service valid that it will continue to present the inappropriate argument of "*sovereign immunity*" - which is in bad faith and even sanctionable conduct - as the Supreme Court has ruled there is no sovereign immunity in such bond cases - and the "commercial activity" exception applies. *Deutsche Bundesbank* should accept service of process and waive immunity and not object to jurisdiction per applicable treaties which Germany has signed and ratified and as discussed in this case. Plaintiffs respectfully move for an order directing alternative service of process of the summons and complaint in this action on <u>Deutsche Bundesbank</u> to be made by delivery of the summons and complaint to its counsel Jeffrey Harris, Esq. and/or his firm, or to local counsel, or such alternate means of service that minimizes the hardships on plaintiffs, or defendant be compelled to accept service and answer the complaint.

Plaintiffs respectfully request such alternate means of service be granted lest defendants continue the conduct of ignoring properly served documents, and pretending that Deutsche Bundesbank "*has not been served*" per Hague Convention when it has been duly served. This improper conduct by Germany will continue even if Plaintiffs use other FSIA methods of service.

### Statement of Facts

The facts relevant to this motion are set forth in the *Affidavit of Service Hassan Abbas,* filed Sep.14. 2010 (D.E.217-1 ) and *Declaration of Elfriede Korber* filed Oct.4. 2010 (D.E.230), and *Motion for Default Judgment* filed Sep.14.2010 (D.E.217 ) and exhibits- e.g. *Receipt by Oberlandesgericht* (D.E.217-2) – and will not be repeated, except for purposes of discussion.

## Argument

### SUBSTITUTE SERVICE UPON COUNSEL FOR DEFENDANT

### DEUTSCHE BUNDESBANK IS NECESSARY, GOOD AND/OR SUFFICIENT

The Constitution does not require any particular means of service of process and Rule 4 is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. The only requirement which must be met, regardless of the method of service, is that the method be reasonably calculated, under all of the circumstances, to apprise the interested parties of the pendency of an action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Burda Media, Inc. v. Viertel*, 417 F. 3d 292, 303 (2nd Cir. 2005). *Ryan v. Brunswick Corp.*, 2002 U.S. Dist. LEXIS 1837 *7 (W.D.N.Y. 2002) ("[c]ourts have relied on [Rule 4(f)(3) . . . in authorizing alternative methods of service").

Alternate service of process under the federal rules is neither a 'last resort' nor 'extraordinary relief.' Pursuant to the federal rules, courts have authorized a wide variety of alternative methods of service, including publication, ordinary mail, mail to the defendant's last known address, **delivery to the defendant's attorney,** telex, and most recently, e-mail delivery.

It is within the court's discretion to determine whether to order alternative service. Here, Plaintiffs have actually translated the 241 page second amended complaint to German and served the Deutsche Bundesbank via the "Central Authority" – Oberlandesgericht Frankfurt – in accordance with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. According to Deutsche Bundesbank this was only an "attempt" to serve on July 14, 2010 - but actual service occurred. And Deutsche Bundesbank also had actual notice of suit since November 2008, when it received the summons and complaint by registered post from Belgium.

4

Plaintiffs requested on December 10, 2009, waiver of service and sent letter to Jeffrey Harris, Esq. counsel for Deutsche Bundesbank, requesting that Germany agree to accept service as he acts on behalf of Bundesrepublik Deutschland. A response was received indicating that Germany insisted that service be made via Foreign Sovereign Immunities Act which obviously includes Service Abroad via Hague Convention, e.g. via Central Authority – Oberlandesgericht Frankfurt. After Plaintiffs followed FSIA procedures – Deutsche Bundesbank was served by the Oberlandesgericht on July 14, 2010, but after expiration of 60 days, and ignoring the complaint, Deutsche Bundesbank, to avoid default judgment, writes false letter that it "has not been served".

Plaintiffs request an order permitting service of process upon the attorney/s for Deutsche Bundesbank ("German National Bank") – and given that Germany agreed to be served under FSIA - which includes Hague Convention Service and now has completely reneged on its agreement. See e.g. *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F. 3d 1007 (9th Cir. 2002); *Forum Financial Group v. President & Fellows of Harvard College,* 199 F.R.D. 22, 23 (D. Me. 2001) (order granted permitting service of process on defendant's attorney). *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F. 3d at 1016 (citations omitted) (the flexibility provided by Rule 4 "necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts."); *Smith v. Islamic Emirate of Afg*., 2001 U.S. Dist. LEXIS 21712 at 7 (S.D.N.Y. 2001). *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F. 3d at 1014.

In this action, Plaintiffs followed the proper steps under the Hague Convention – and even hand-delivered the alias summons and 2d Am. Complaint to the Oberlandesgericht in Frankfurt ("Central Authority") for service on Deutsche Bundesbank which was perfected on July 14, 2010 - and plaintiffs translated documents into German the official language of the Bundesrepublik Deutschland. As such, Deutsche Bundesbank has been properly notified of the lawsuit and duly

5

afforded the opportunity to present its answer, response, objections and defenses to this action. Furthermore, under 28 U.S.C. §1608, Germany, has explicitly or implicitly waived objections to service under FSIA which includes service pursuant to ("Central Authority" ) Oberlandesgericht - and even insisted that such procedures under FSIA be followed.

Deutsche Bundesbank should have waived immunity, not objected to jurisdiction and accepted service of process long ago, when the case was filed, and or when waiver requested. Germany was required to do all in its power to eliminate hardships on bondholders under the "*validation*" scheme and/or international treaties that Germany signed and ratified relative to the German bearer bond matters to settle its debts.  See (Doc. No. 195-1) – "Procedural Agreement".

Indeed,   Deutsche Bundesbank is a foreign corporation under public law ("Bundesbank Act") – and there is no basis for Germany or Deutsche Bundesbank to object to service via the Oberlandesgericht Frankfurt.  Deutsche Bundesbank ignored the summons and complaint in November 2008, and July 14, 2010, and did not agree to waive service when Plaintiffs requested to obviate the need for costs of service, e.g. via the Oberlandesgericht Frankfurt.  Deutsche Bundesbank cannot object to service via FSIA – which includes under Hague Convention – via the Oberlandesgericht in Frankfurt.   Under the circumstances, alternative service of process on Deutsche Bundesbank is necessary and service on their counsel as appointed agent is appropriate.

As the Court may be aware, and as discussed in this case, Plaintiffs have been lied to by Deutsche Bundesbank, and wrongfully and unlawfully refused "*validation*", redemption and payment of their bonds. (*See* Racketeering Acts, ¶¶736-748, and 276, 277, 278-284). Under the circumstances, Plaintiffs have an automatic and absolute right to come to the US Court in the Country of Offering of the bearer bonds (i.e. United States District Court) to take a legal action. This right of action and remedy is available to Plaintiffs, as a Matter of Law **-** because they have

been refused *validation* in Germany or otherwise, and this would also be" <u>*just and proper*</u>" relief

as requested in the Second Amended Complaint, in the Prayer for Relief (Page 241).

Plaintiffs' right to relief and right to sue on bearer bonds is essential to negotiability and

Plaintiffs right to sue Germany and the trustees and redemption and paying agents for default on

payment of the bonds, and breach of trust, and breach of contract and misrepresentations, and

fraud and RICO violations and violations of international laws and applicable treaties, in the US

federal courts is also confirmed by "*Validation*" scheme, and treaty, and legal precedent relative

to the German gold bearer bonds. See e.g. <u>*Mortimer Offshore Servs. v. Fed. Rep. Germany*</u>, No.

05 cv 10669, 2007 US Dist. LEXIS, 71906 (S.D.N.Y. 2007), <u>*Abrey v. Reusch*</u>, 153 F.Supp. 337

(S.D.N.Y. 1957), Validation Law 1952, <u>*Article 33*</u> (*Dkt.No. 105-2*), <u>*Article III*</u> "Certain Matters"

Treaty 1953 (*Dkt. No.62-5, 62-3*).  Furthermore, Germany has assumed liability for payment of

the Plaintiff's bearer bonds and formally admitted responsibility – *See* <u>Agreement on German</u>

<u>External Debt</u> ("<u>*London Debt Accord*</u> 1953") 4.1 U.S.T. 443, U.S.-Ger.-Fr., other govts.,

Feb.27,1953  (*Dkt. No. – 65-3*).  Germany consented to be bound by the <u>*Agreement on German*</u>

<u>*External Debt 1953*</u> and acknowledged the inequitable situation of default, and expressed its

categorical intention, and explicit desire, and agreement to "<u>eliminate the status of default</u>", and

Germany formally acceded to the Treaty which came into force generally 16 September 1953,

and was Proclaimed by President Eisenhower November 4, 1953, and this is the "best evidence

… of the parties' intent." See <u>*United States v. Stuart*</u>, 489 U.S. 353, 372, 109 S.Ct. 1183, 103

L.Ed.2d 388 (1989); <u>*Avero Belgium Insurance v. American Airlines, Inc.*</u>, 423 F.3d 73 (2d

Cir.2005).

The primary objective of the treaties and agreements was for Germany to settle its debts

and eliminate the state of default, and pay the bondholders' principal and interest.

Accordingly, Plaintiffs respectfully request Germany to respect its responsibilities and abide by its treaty obligations and settle these debts and to make proper payment to Plaintiffs and bondholders and to minimize hardships and accept service of process and appear in the case and waive immunity as it should and not object to jurisdiction. Plaintiffs respectfully request that defendants to refrain from giving them the "*run around*" and file an answer, and resolve and settle matters pursuant to the procedural agreements and as contemplated by the treaties. See e.g. *Dckt. No. 65-10* – Letter by German Chancellor Konrad Adenauer accepting Germany's liability for the external debt and desire to resume payments on bonds (Second Amended Complaint ¶33).

---

*Article 1* of the Hague Convention on Service Abroad states that: "*The present Convention **shall apply in all cases**, **in civil or commercial matters**, where there is occasion to transmit a judicial or extrajudicial document for service abroad*." The fact that Germany or Deutsche Bundesbank may consider using "sovereign immunity" as an argument does not relieve Germany from this treaty obligation. The Alias Summons and Second Amended Complaint documents pertain to civil or commercial matters, and the Hague convention applies.

*Article 2* of the Hague Convention on Service Abroad states that - "*Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6. Each State shall organise the Central Authority in conformity with its own law.*" The Oberlandesgericht Frankfurt is the "Central Authority" designated in Frankfurt, Germany to receive requests and to proceed with service of the documents. On July 5, 2010, the Oberlandesgericht received the documents, in English and German, and in duplicate, and proceeded with proper service of the summons and complaint on the defendant Deutsche Bundesbank - but now suddenly Deutsche Bundesbank misrepresents "it has not been served" with the documents which have been previously served upon it on July 14, 2010, and confirmed by Oberlandesgericht, via Ms. Violnoff by phone, service was done and Aktenzeichen No. 9341EI/31550/10. The conduct by Germany and Deutsche Bundesbank is contrary to the obligations and responsibilities set forth under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents.

*Article 15* of the Hague Convention on Service Abroad states that - "*Notwithstanding the provisions of the preceding paragraphs **the judge may order**, **in case of urgency**, **any provisional or protective measures**.*" A certificate in writing by Oberlandesgericht is not indispensable. Germany, its agencies or instrumentalities, and Deutsche Bundesbank and its attorneys have been properly notified and served with the Alias Summons and Second Amended Complaint, in English and German. In addition Germany, Bundesbank and attorneys who are present herein - have been aware of the legal action and had sufficient time to respond- since 2008. For example documents were sent by post to defendant when the case was filed and also requests for waiver made and now service made under the Hague Convention.

8

Under the Hague Convention on Service Abroad of Judicial or Extrajudicial Documents states that: _Article 13_ - the Receiving State "***may not refuse to comply*** *solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.*"   In this case, Germany and/or Deutsche Bundesbank are refusing to comply with the treaty or answer the complaint because they wish to obstruct the Court and preemptively argue "sovereign immunity". The contentions are without merit.  See e;g. Doc. No. 202-1(filed 08/13/10) _World Holdings v. Fed. Rep. Germany_, 11th Circuit, No. 09-14359, Aug.9.2010, (USDC, S.D. Florida 2009, Case No.08-cv-20198); (affirming denial of Germany's motion to dismiss and affirming Plaintiff's right to sue and to seek enforcement of bonds even if not "validated".)

_____

Germany assumed liability for the Bonds, and the impact is not merely a "ripple" effect, but a "tsunami" that reaches the shores of the United States - and the obligation by Germany is to satisfy its bonds' debts and obligations measured in the hundreds of millions of dollars, and/or even billions, in principal and interest that are payable to the bearers of the bonds, and, for example, in the United States, and New York, as place of performance. *See Virtual Countries, Inc. v. Republic of South Africa*, 300 F.3d 230 at 236 (S.D.N.Y. 2002) ("[A]n effect is direct if it follows as an *immediate* consequence of the defendant's activity.") (emphasis and alteration in original); See, e.g., _Republic of Argentina v. Weltover_, 504 U.S. at 618-19 (finding "little difficulty concluding that Argentina's unilateral rescheduling of maturity dates on the [bonds] had a direct effect in the United States" because New York was the contractually-designated "place of performance") (internal quotation marks omitted).  Recently, on/about October 3, 2010, Germany paid £59Million, to bondholders after 92 years who hold Dawes and Young bonds, etc., and Germany should pay Plaintiffs herein and not selectively discriminate against bondholders.

Pursuant to controlling Supreme Court precedent, _Republic of Argentina v. Weltover Inc_., 504 U.S. 607, 611 (1992), Germany's issuance or selling of bonds or assumption of liability for the Bonds constitutes "*commercial activity*" under the Foreign Sovereign Immunity Act of 1976 ("FSIA 1976"), 28 USC Secs. 1330, 1391 & 1602-1611, and therefore the Court has subject matter jurisdiction over the claims and defendants, e.g. for default, breach of contract, and other claims for fraud and RICO violations of the federal laws.  Under the "commercial activity" exception to the FSIA, Germany and its related entities have no sovereign immunity from lawsuit and Germany's insistence on such arguments amounts to bad faith.

Germany and Deutsche Bundesbank are circumventing the Hague Convention on Service Abroad of Judicial Documents by refusal to answer the alias summons and second amended complaint and by ignoring served documents and instructing or inducing Messrs. Kempf and Freimuth to misrepresent facts to the Plaintiffs and the United States District Court.

As this is a matter of urgency and/or necessity, the Court is authorized under Article 15 of the Hague Convention to take **"*any provisional or protective measures*."**

### Conclusion & Prayer for Relief

For the reasons stated above, Plaintiff's respectfully pray and move for an order granting Plaintiffs leave to effect service of process on <u>Deutsche Bundesbank</u> by delivery of a copy of the second amended complaint in English and German, upon the Deutsche Bundesbank's defense firm and/or appointed agent and counsel, such as Jeffrey Harris, Esq., or by such other alternate method of service as deemed proper and just and directed by the Court.


Dated: October 6, 2010


Respectfully submitted,                    By:         */s/Hassan A. Abbas*
                                                                   Plaintiffs' Counsel

RICHARD BLEIER
ELFRIEDE KORBER                             Hassan A. Abbas
CHRISTOPHER MARK                            (Illinois ARDC No. 6206474)
& Proposed Class Members                    Attorney and Counselor at Law
**PLAINTIFFS**                              Hoveniersstraat 2, Ste. 232/B.344
                                            Antwerpen 2018 Belgium
                                            Tel +323 233 3910
                                            Fax +323 233 9767
                                            Mobile +32 487594099
                                            haa-law@hotmail.com

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I, Hassan A. Abbas, do hereby certify that a true and correct copy of the foregoing

**PLAINTIFFS MEMORANDUM FOR LEAVE TO SERVE DEUTSCHE BUNDESBANK "GERMAN NATIONAL BANK") BY ALTERNATE METHOD OF SERVICE**

was electronically filed this 6th day of October 2010, and further was served via the court's ECF/CM electronically to all of the defendants' counsel of record.

/s/     *Hassan A. Abbas*
Plaintiffs counsel