**THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD BLEIER; ELFRIEDE KORBER; CHRISTOPHER MARK; Individually and on Behalf of All Others Similarly Situated,  Plaintiffs, -vs- BUNDESREPUBLIK DEUTSCHLAND a/k/a "FEDERAL REPUBLIC OF GERMANY"; et al.,  Defendants. | Civil Action No. 08 CV 6254  **THE HONORABLE EDMOND E. CHANG** United States District Court Judge  <u>CLASS ACTION</u>  Hon. Susan E. Cox Magistrate Judge |

**PLAINTIFFS MOTION TO ENFORCE GERMANY'S PAYMENT OBLIGATIONS UNDER THE BONDS AND AGREEMENT ON GERMAN EXTERNAL DEBTS 1953**

NOW COME Plaintiffs, CHRISTOPHER MARK, and ELFRIEDE KORBER, individually and on behalf of all others similarly situated, by and through their counsel, and respectfully submit their *Motion to Enforce Germany's (Bundesrepublik Deutschland) Payment Obligations under the Bonds and Agreement on German External Debts 1953* (4.1 U.S.T. 443, T.I.A.S. 2792). In support of the motion, Plaintiffs aver as follows:

**1. Introduction**

In 1953 Germany entered into an <u>Agreement on German External Debts</u> 4.1 U.S.T. 443, T.I.A.S. 2792 (commonly referred to as the <u>London Debt Accord</u> or "<u>LDA</u>" treaty) in order to settle Germany's debts - and to pay the German dollar bonds at issue herein. The Agreement was designed to eliminate the state of default by Germany and ensure the rights of the bondholders to redeem their bearer bonds and to obtain their monies and payment of their principal and interest.

1

The LDA treaty is an international agreement, and is a legally binding instrument, and enforceable by the Court. The Agreement is a multilateral treaty approved, accepted, ratified and adopted by Germany and the United States of America, and various countries.

## 2. Legal Standard – "Pacta sunt Servanda" – Fundamental Principle of International Law

The legal standard - and fundamental principle of international law - is explicitly stated under Article 26 of the Vienna Convention on the Law of Treaties 1969 as follows:

Article 26. ("Pacta sunt Servanda") which states that: "*Every treaty in force is binding upon the parties to it, and must be performed by them in good faith.*"

International law governs the treaties, and bonds herein, and provides relevant rules of decision in this case. Germany has violated its treaty obligations. *See e.g.* Second Amended Complaint, at ¶¶ 983-1010. Germany has violated international law, which is part of United States law, and Germany violated the LDA treaty provisions, and acted in bad faith. Germany has failed to settle the debts, and failed to make payments of the bonds under Articles 3, 4 & 6 of the LDA treaty. Germany has also failed to negotiate directly under Article 20 of the LDA treaty.

---

The *Vienna Convention on the Law of Treaties 1969*, entered into force Jan. 27, 1980, 1155 U.N.T.S.331 [hereinafter "Vienna Convention"] and is signed by the United States and recognized in the United States as authoritative and as generally signifying customary international law. *See, e.g.*, *Fujitsu Ltd. v. Federal Exp. Corp*., 247 F.3d 423 (2nd Cir. 2001) ("we rely upon the Vienna Convention here as an authoritative guide to the customary international law of treaties ...[b]ecause the United States recognizes the Vienna Convention as a codification of customary international law ... and [it] acknowledges the Vienna Convention as, in large part, the authoritative guide to the current treaty law and practice") (citations omitted). *Article 31* of the Vienna Convention states that: 1. "A treaty shall be interpreted in good faith, in accordance with the ordinary meaning to be given to the terms of the treaty in their context and in light of its object and purpose. 2. "The context for the purpose of the interpretation of the treaty shall comprise, in addition to the text, including its *preamble* and annexes: (a) any agreement relating to the treaty which was made between the parties in connection with the conclusion of the treaty…". Vienna Convention provides grounds for invalidity of "*validation*" mandate, Art. II "Certain Matters" treaty, 4 UST 885, due to impossibility, or fundamental change of circumstances, i.e. the "Validation Board" no longer exists. The "validation" mandate is also based on fraud, error, speculation, or false premises. Germany has admitted recently in the deposition of Ms. Ingrid Jaeger (Doc. #281-1) who works at the "Examining Agency" BADV, for Dawes and Young bonds, in Berlin, that the bonds were never "stolen" by the Russians, but recovered from East Germany upon reunification. There are no authorities competent for the purpose of "validation" in Germany as required by "Certain Matters" treaty. The internal *foreign* German "validation" law - cannot apply extraterritorially in U.S. - outside the context of "Validation Board" in the U.S., which is required under the Agreement on validation (See 4 UST 797)(Doc.#357), and *Second Implementing Ordinance* (Doc. #62-4, *Ex.C. Defs*., Doc.#82, at ¶¶ 992-1007) - which have been materially breached by Germany.

3. **International Law is Part of Our Law – Germany's Debts Must be Paid**

As stated by Mr. Justice Gray, "international law is part of our law". *The Paquete Habana*, 175 U.S. 677, 700 (1900). In addition Mr. Justice Gray stated as follows:

"International law is part of our law, and must be ascertained and administered by the courts of justice of appropriate jurisdiction as often as questions of right depending upon it are duly presented for their determination. For this purpose, where there is no treaty and no controlling executive or legislative act or judicial decision, resort must be had to the customs and usages of civilized nations, and, as evidence of these, to the works of jurists and commentators who by years of labor, research, and experience have made themselves peculiarly well acquainted with the subjects of which they treat. Such works are resorted to by judicial tribunals, not for the speculations of their authors concerning what the law ought to be, but for trustworthy evidence of what the law really is. Hilton v. Guyot, 159 U.S. 113, 163, 164 S., 214, 215, 40 L. ed. 95, 108, 125, 126, 16 Sup. Ct. Rep. 139." *The Paquete Habana*, 175 U.S. 677, 700 (1900).

The LDA treaty and international law requires Germany to provide the necessary payment and settlement of Plaintiffs' German dollar bonds. *See e.g.* Articles 3, 4 & 6 – 1953 LDA treaty (4.1 U.S.T. 443). Germany must comply with the treaty requirements and payment obligations and must "eliminate the state of default" on the bonds. *See* Doc. 65-3 *Agreement on German External Debts*, at "Preamble" (Pgs.1-5 of 106) and "Framework" (Page 100 of 106).

According to Mr. Justice Gray, when questions of right are presented to the courts, the courts must ascertain and administer international law, and in ascertaining international law, one may look to judicial decisions, and the works of jurists. In this case, it is thus appropriate to look to the judicial decisions relative to sovereign debt and applicable international law, such as in the case decided on May 8, 2007, by the German Constitutional Court ("Bundesverfassungsgericht" [BVerfG]), that decided on the question of whether Argentina, which had stopped payments of principal and interest to bondholders, could invoke "necessity" under general international law as an affirmative defense against claims brought in German courts by private individuals for the Argentina's default on bonds in early 2002. The court concluded Argentina's debts must be paid. Similarly, Germany's debts must be paid, and the Plaintiffs are entitled to their monies.

3

While the German Constitutional Court accepted "necessity" was recognized as precluding wrongfulness of a breach of international law, it held:

"*currently no rule of general international law can be ascertained entitling a State, vis-à-vis private individuals, to suspend the performance of due obligations for payment arising under private law by invoking necessity based on an inability to pay*".

See link at http: //www.bverfg.de/entscheidungen/ms20070508_2bvm000103.html.

Under international law – sovereign debt must be paid, and there are no statute of limitations. The terms of the bonds herein, stipulate they are - *unconditional* obligations of the obligor (e.g. Young bonds). The bonds also stipulate are – *payable at all times* – and – *under all circumstances* (e.g. Rheinelbe Union bonds). The LDA treaty includes specific actions which Germany must take, including but not limited to: (a) "direct negotiations" under Article 20, and (b) the "settlement" and "payment" of the bonds under Article 6. The LDA treaty defines the "debts" to be "settled" by Germany under Article 3 and Article 4. Germany agreed to settle and pay the "*pecuniary obligations entered into prior to May 8, 1945*" and "*marketable securities payable in a creditor country*" including the German Dollar bonds at issue, payable in the U.S.

**4.** **Germany's Settlement & Payment Obligations under the Bonds and LDA treaty**

Germany is liable for payment of the bonds at issue here. Germany recently conceded it has no immunity as to Dawes and Young bonds – Doc.#353, page 8) and conceded it is "<u>*legally identical to the German Reich*</u>", *id*., and conceded the "breach of contract" claims. Germany has identical obligations for payment of the debts which are "<u>unconditional obligations</u>" of Germany per the terms of the bonds, and which are payable to bearer - under specific gold clauses.

Germany must provide settlement of Plaintiffs' bonds, and appropriate payment of principal and interest – both for bonds it is directly "liable" and/or assumed "liability" for the

4

payment - under the *settlement plan* of LDA treaty. See <u>Articles 3, 4 and Article 6</u> (Doc.#65-3). Germany must settle and pay, and permit settlement and payment, of the Plaintiffs bonds.

The Plaintiffs and Class members are legally entitled to receive the settlement and the payment of their bonds as required by the terms of the bonds and/or the multilateral LDA treaty. Germany is legally required to make the payments on the bonds.

<u>Article 6 of the LDA treaty states as follows</u>:

Payment and transfer under the Agreement

The Federal Republic of Germany will:

(a) make payments and transfers, in accordance with the provisions of the present Agreement and of the Annexes thereto, on the debts for which it is liable thereunder;

(b) permit the settlement and payment, in accordance with the provisions of the present Agreement and the Annexes thereto, of debts for which any person other than the Federal Republic of Germany is liable, and make provision for the transfer of payments on such debts as are settled, under the provisions of this Agreement and the Annexes thereto.

It is clear that Germany has payment obligations and has defaulted on the bonds, and Germany has deprived bondholders of their monies, principal and interest and breached the treaty obligations for payment of the bonds. Germany failed to make the payment and transfers to Plaintiffs under Article 6. Germany has failed to provide a "<u>*Validation Board*</u>" in the United States as required by the "Certain Matters" treaty (4 UST 885) and the Agreement on validation (4 UST 797) and <u>*Second Implementing Ordinance*</u> (Doc.#62-4). Germany has not provided any "competent authority" for the *purpose* of "validation" as required by the "Certain Matters" treaty. Germany has not met her legal obligations for payment under the treaties or the bonds' terms.

At present, Germany's compliance is still incomplete and inadequate, and Plaintiffs seek full compliance and payment under the explicit terms of the bonds, and/or LDA treaty, as well as any other relief necessary to protect the Plaintiffs' and Class member's monies, principal and interest, and the Plaintiffs' and Class members' rights under federal law and international law.

5

5. **Germany is required to Pay all Plaintifs Bonds – as Conceded by Germany's lawyers**

Germany's lawyers, Messrs. Jeffrey Harris, Esq., and/or Alexander D. Kerr, Esq. and/or the Defendants, *Jointly stated* as follows:

"The LDA is an agreement among many nations on the one part, and Germany, on the other, establishing terms and conditions for the payment by Germany of its external debt after World War II. One portion of the **LDA addressed payment of various bonds, including the Young, Dawes, and Rheinelbe Union** bonds. With regard to these Bonds, *the LDA included a provision by which bondholders were offered certain incentives if they accepted the terms of the LDA*. For example, bondholders who accepted the terms of the LDA were to receive their payment *before* those who did not accept the "offer"." (emphasis added) - See Defendants' Joint Reply Brief, Page 8 of 25, Docket No. 67, filed 05/08/2009.

The bondholders who accepted the LDA exchange offer in 1953, had to be paid first, and they have been paid as of October 3, 2010 (See e.g. Doc. 233-3). Now it is Plaintiffs and Class members who must be paid by Germany, including the *Rheinelbe Union*, *Dawes*, *Young*, *Free State of Bavaria* and *United Steel Works* bonds, and all other bonds covered by the LDA treaty. Germany's lawyers have conceded on the legal record - that Plaintiffs' *various* bonds shall be paid after the "*accepting bondholders*" were paid under the LDA - and so from 2010 onward – including the Dawes, Young, Rheinelbe Union bonds, etc.

6. **Germany's standard defenses that it has no "*liability*" and "*validation*" have no merit**

The recent argument by Germany that it has no "*liability*" for payment of the *Rheinelbe Union* bonds, or the *Free State of Bavaria* bonds, (and is *only liable* for the Dawes and Young bonds), is a specious argument by Germany - and contradicted by prior admissions of Germany's lawyers, and the various Defendants' counsel, who signed and submitted the Joint Reply brief (Doc. No. 67). In addition the "*validation*" argument is inapplicable and without merit, and it is based on a false premise of "*looted bonds by Russians and recirculated*" - and no "*validation board*" exists, and there are no competent authorities for the purpose of validation. Also, such a "validation" mandate violates Plaintiffs' Constitutional rights, due process, property and bonds.

6

### 7. <u>Conclusion</u>

Pursuant to the applicable international law, and LDA treaty, there are no excuses for Germany's default on bonds and violation of treaty obligations.  Germany is legally responsible and must settle the debts - and make payments to Plaintiffs, of all their monies, principal and interest, including compound interest, and under the gold clauses.  The terms of the debts and international law, and treaties, are explicit and are unconditional obligations of the Bearer bonds.

With this motion, Plaintiffs seek that Germany make the necessary payments which are legally required by the treaties, and the terms of the bonds, and US and international law.

___

The so called German "validation" "condition" i.e. to show a bearer bond was "*outside Germany in 1945*" cannot be called "law" or be "presumed valid", because it unconstitutionally and gratuitously takes monies from Plaintiffs (A) and gives to Germany (B) for no legitimate reason, and then imposes obligations on the private parties that are arbitrary and irrational, and makes Germany a Judge in her own cause, and impairs the contractual obligations. See <u>Calder v. Bull</u>, 3 Dall. 386, 388 (1798).  The "Validation" mandate also falls under the well-established "Doctrine of Unconstitutional Conditions" as held by the US Supreme Court. <u>Frost & Frost Trucking Co. v. Railroad Comm'n</u>, 271 U. S. 583, 593, 594 (1926); <u>Nollan</u> v. <u>California Coastal Commission</u>, 483 U. S. 825, 834 (1987); <u>Dolan</u> v. <u>City of Tigard</u>, 512 U. S. 374, 385 (1994). "It need hardly be said that a treaty cannot change the Constitution or be held valid if it be in violation of that instrument.'" <u>The Cherokee Tobacco</u>, 11 Wall. (78 U.S.), 616, 620 (1871). Justice Kennedy joined in <u>Lingle v. Chevron</u>, 544 U.S. 528, 543 (2005), but wrote separately to observe that <u>Lingle</u> did nothing to weaken due process jurisprudence.  Mr. Justice Kennedy explained, "this separate writing is to note that today's decision does not foreclose the possibility that a regulation might be so arbitrary or irrational as to violate due process."  The Validation "mandate" is arbitrary and irrational, as to Bearer bonds, which are payable to bearer and enforceable by the person in "possession" of the bonds. "*A party may not invoke the provisions of its internal law as justification for its failure to perform a treaty*." Vienna Convention on the Law of Treaties, art. 27. (Doc. #250). Germany has international legal obligations to settle the debts, end the status of default, and pay Plaintiffs' bonds, under the Multilateral treaty, <u>Agreement on German External Debt</u> 1953 (4 U.S.T. 443, T.I.A.S. No. 2792), which proclaimed later in time & supersedes the Certain Matters treaty. Germany must honor its binding obligations and affirmation of liability per LDA. <u>Jordan v. Tashiro</u>, 278 U.S. 123, 127 (1928) (finding that provisions of treaties should be "liberally construed so as to effect the apparent intention of the parties.").  The *bilateral* Certain Matters "validation" "treaty" (US-FRG, 4 U.S.T. 885) poses no obstacle, and does not apply to foreign "non assenters" such as Elfriede Korber (<u>World Holdings v. F.R.G.</u> 08 cv 20198, , SD Flo., at p. 45, May 6, 2011), and is unconstitutional, violates Plaintiffs fundamental rights, and does not apply to American "non-assenters" (Art. 15, LDA). There are no "Validation Boards" in the US, as required by the bilateral treaties, and no competent authorities for the purpose of validation in Germany (See eg. Doc. #296). Plaintiffs may challenge a law that violates the US Constitution.  Justice Kennedy stated that - "Just as it is appropriate for an individual, in a proper case, to invoke separation-of-powers or checks-and balances constraints, so too may a litigant, in a proper case, challenge a law as enacted in contravention of constitutional principles of federalism". See <u>Bond v.United States</u>, 564 U.S.__, (June 16, 2011). At present, and throughout this case, the defendants have attempted to export and apply a foreign German law beyond the German borders – i.e. "extraterritorially" - and illegally - in the United States.  Specifically, "the law of nations, or customary international law includes limitations on a nation's exercise of its jurisdiction to prescribe". <u>Hartford Fire Ins. Co. v. California</u>, 509 U.S. 764, 815 (1993). There is a legal limit against the reach of the "Validation" <u>German</u> law in the United States. *See* Restatement (Third) Foreign Relations §§ 401-416. Germany and the Defendants cannot apply German law in these United States proceedings.  In US federal courts, it is US law and International law that applies.

The Supreme Court stated in *Eastern Enter. v. Apfel*, 524 U.S. 498, 523 (1998) (plurality opinion) (It is against all reason and justice to presume that the legislature has been entrusted with the power to enact a law that takes property from A and gives it to B) (quoting *Calder v. Bull*, 3 Dall. 386, 388 (1798) (opinion of Mr. Justice Chase). Plaintiffs' property and monies cannot be taken and given to Germany by way of a foreign German law or "validation" scheme. The "*tak[ing]* of property without "just compensation" is prohibited by an express constitutional provision and is grounded on ancient tradition. U.S. CONST. amend. V; 2 *Blackstone* at *139.

_____

Pursuant to controlling Supreme Court precedent, *Republic of Argentina v. Weltover Inc*., 504 U.S. 607, 611 (1992), Germany's issuance or selling of bonds, and assumption of debt, and acceptance of liability for bonds, or "restructuring of debt", constitutes - "*Commercial Activity*" - under the Foreign Sovereign Immunity Act of 1976 ("FSIA 1976"), 28 USC Secs. 1330, 1391 & 1602-1611, and the Court has subject matter jurisdiction over all of the Plaintiffs' claims against Germany. The Federal Republic of Germany does not have immunity in this case. The "Commercial Activity" exception to FSIA applies to "any case" i.e. "any claim" – at issue – 28 USC §1605(a), and does not *only* apply to the "*breach of contract*" claims – as mistakenly asserted by Germany. In fact, Germany has made significant concessions, at Doc.#348, filed by Germany on 03/05/2012, page 3 of 14, at footnote 3, page id #4950 - Germany Concedes as follows: 1 - The Federal Republic of Germany concedes that it is legally identical with the German Reich. 2 - Germany also Concedes: ("Indeed this Court held that "marketing and sale of bonds in the United States fits readily within the definition of "commercial activity" ) (Dckt. Entry #315 at p.11). 3. Germany further Concedes that: "As to the Dawes and Young Bonds the Federal Republic of Germany does not take issue with the Court's ruling". Thus, the Federal Republic of Germany has admitted in the legal record that Germany is not immune from suit, and that the "Commercial Activity" exception to FSIA applies – e.g. as to the Dawes and Young bonds. As such, pursuant to 28 USC §1605(a) - Germany is not immune from "any case" i.e. any claim in the complaint as to these bonds. All the causes of action are applicable against Germany, not only "breach of contract". Moreover, Germany cannot violate by treaty, or otherwise, Plaintiffs Constitutional rights and Property rights and Due process rights, and right to jury, and/or unequivocal right to payment of their principal and interest. See *Reid v. Covert*, 354 U.S. 1, 17 (1957). As the Country of offering of the bonds is the United States, then Germany comes under the scope of the Supreme Court rulings, which state that repudiation of a contractual obligation by a sovereign to be illegal, and valid contracts of the government with it are property, and rights of private individuals arising out of them are protected by the 5th Amendment. See *Lynch v. United States*, 292 U.S. 571, 579, 580 (1934). Germany cannot be Unjustly Enriched, and impair the contractual obligations, and take property and monies, and wrongfully expropriate due principal and interest from private individuals, to transfer and give it to Germany by way of a bogus or spurious validation scheme and/or be a Judge in her own cause. See *Calder v. Bull*, 3 Dall. 386, 388 (1798). As Mr. Justice Strong stated, "There is no technicality about vested rights. Most of them grow out of contracts, and, no matter how they arise, they are all equally sacred, equally beyond the reach of legislative interference. A vested right of action is property in the same sense in which rights to tangible things are, and is equally protected". *Sinking Fund Cases*, 99 U.S. 700 at 733 (1878). Germany and defendants have promulgated a fabricated, speculative, erroneous, unproven or false premise of "looted bonds by Russians" to justify the spurious "*validation*" scheme – and is an act of fraud on the part of the German government. The fraud vitiates Germany's /Defendants' "*validation*" "*mandate*" defenses, that are based on mendacity of "*Russians stole bonds and recirculated*". Fraud destroys the validity of everything into which it enters, *Nudd v. Burrows,* 91 U.S 426, 440 (1875). Fraud vitiates everything, *Boyce v. Grundy*, 3 Pet. 210. Fraud vitiates the most solemn contracts, documents and even judgments, *U.S. v. Throckmorton,* 98 U.S. 61, 66 (1878). Plaintiffs hereby respectfully move the Court to ensure the commitments made by Germany under the treaties are met, and the debts and bonds settled, and payments of Plaintiffs' monies, principal and interest, be made accordingly, and international law respected and administered.

8. **Prayer for Relief**

Plaintiffs and Class members are entitled as a matter of the United States law, and constitutional law, and International law, and the various treaties, and explicit terms of the bonds, and the fundamental legal principle of "*pacta sunt servanda*" – ("pacts must be respected") - to redemption of their German bearer bonds, and to payment of their monies, principal and interest.

The Plaintiffs' fundamental property rights, and Constitutional rights, and legal rights must be respected by Germany. Plaintiffs hereby respectfully move the Court for an order:

1. That Germany enter into direct negotiations with the creditors/bondholders/Plaintiffs as required under Article 20 of the LDA treaty, and that Germany settle the debts and pay the Plaintiffs principal and interest.

2. That a Class action be certified as to the Dawes and Young, and/or other bondholders, pursuant to Fed. Rules of Civ. Proc, Rule 23, and/or the Class Action Fairness Act.

3. That Germany settle the debts and make payment to Plaintiffs of the due obligations as required pursuant to Article 3, 4 & 6 of the LDA treaty, and the explicit terms of the Bearer bonds payable in the United States under specific gold clauses.

4. Such other relief as the Court deems just and proper.

Dated: July 30, 2012

| Respectfully submitted, | By: | */s/Hassan A. Abbas* |
| --- | --- | --- |
| | | Plaintiffs' Counsel |

ELFRIEDE KORBER  
CHRISTOPHER MARK  
& Proposed Class Members  
**PLAINTIFFS**

Hassan A. Abbas  
(Illinois ARDC No. 6206474)  
Attorney and Counselor at Law  
Hoveniersstraat 2, Ste. 232/B.344  
Antwerpen 2018 Belgium  
Tel +323 233 3910 Fax +323 233 9767  
Mobile +32 484 726 711  
Email: haa-law@hotmail.com

**CERTIFICATE OF FILING AND SERVICE**

I, Hassan A. Abbas, do hereby certify that a true and correct copy of the foregoing, **PLAINTIFFS MOTION TO ENFORCE GERMANY'S PAYMENT OBLIGATIONS UNDER THE AGREEMENT ON GERMAN EXTERNAL DEBTS 1953** was electronically filed this July 30, 2012, and further was served via the court's ECF/CM electronically to the defendants' counsel of record.

/s/ <u>Hassan A. Abbas</u>
Plaintiffs Counsel