THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BLEIER; ELFRIEDE KORBER; CHRISTOPHER MARK; Individually and on Behalf of All Others Similarly Situated<br><br>　　　　　Plaintiffs,<br>-vs-<br><br>BUNDESREPUBLIK DEUTSCHLAND a/k/a "FEDERAL REPUBLIC OF GERMANY"; et al.<br><br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>No. 08 CV 6254<br><br>**THE HONORABLE**<br>**EDMOND E. CHANG**<br>United States District Court Judge<br><br>CLASS ACTION<br><br><br>Hon. Susan E. COX<br>U.S. Magistrate Judge |

**PLAINTIFFS NOTICE OF FILING OF CORRECTION**
**RELATIVE TO DOC NO. 371, AT PAGE 4 OF 10 AND PAGE ID# 5071**

NOW COME Plaintiffs, CHRISTOPHER MARK, and ELFRIEDE KORBER, individually and on behalf of all others similarly situated, by and through their counsel, and hereby respectfully file their Notice of Correction relative to Doc. No. 371, filed July 30, 2012.

1. On July 30, 2012, Plaintiffs filed Doc.#371 - *Motion for Enforcement of the Bundesrepublik Deutschland Payment Obligations under the Bonds and the Agreement on German External Debts 1953* (4.1 U.S.T. 443, T.I.A.S. 2792)(a/k/a London Debt Accord – LDA treaty).

2. In Doc. No. 371, on Page 4, Part 4, Page id# 5071, the Plaintiffs incorrectly referenced a document as follows: ("Germany recently conceded it has no immunity as to Dawes and Young bonds – Doc.#353, page 8) and conceded it is "*legally identical to the German Reich*", *id.,* and conceded the "breach of contract" claims.")  The correct document reference is **Doc. No. 348** (not *Doc.#353*).   Doc. No. 348 was filed by Germany on 03/05/2012, and the relevant quote by Germany is found at Doc. #348, Page 3 of 14, Footnote 3, Page ID:#4950.

1

3. Germany stated as follows at Doc.#348, Page 3 of 14, Footnote 3, Page ID #4950:

   Defendant Federal Republic of Germany does not dispute that the commercial-activity exception applies to the so-called Dawes and Young bonds that Plaintiffs claim to possess. Dawes and Young bonds were issued by the German Reich in 1924 and 1930, respectively and were sold in the United States. The Federal Republic of Germany concedes that it is legally identical to the German Reich. Indeed, this Court held that "marketing and sale of bonds in the United States fits readily within the definition of "commercial activity." (D.E. 315 at 11). As to the Dawes and Young bonds the Federal Republic of Germany does not take issue with the Court's ruling, rather it argues that that ruling is limited to bond issues in which Germany actually engaged in "commercial activity".

4. The Plaintiffs have filed their oppositions to Germany's various motions and memorandums. Plaintiffs filed Doc. Nos. 371, 357, 350, 264 (Exhs.1-4) which establish the Court's subject matter jurisdiction over the claims asserted under the applicable law (28 USC §1605(a)(2)) and facts, and cases (e.g. *Republic of Argentina v. Weltover, Inc*., 504 U.S. 607 (1992)) and establishes the reasons the commercial activity exception applies, not only to Dawes and Young bonds, as conceded by Germany, the commercial activity exception also applies to Rheinelbe Union, Free State of Bavaria, and United Steel Works bonds, for which Germany assumed liability by international treaty (*See* Agreement on German External Debt 1953 at Preamble, and Articles 3, 4 & 6). The *nature* of bonds is "commercial" as held by the Supreme Court in *Weltover*. Germany *agreed* to settle these debts and pecuniary obligations. This was conceded by Germany's lawyers, and Defendants, relative to the LDA agreement, in their Joint Reply Brief, Doc.#67, Page 8 of 25, 05/08/2009) and they jointly stated as follows:

   The LDA is an agreement among many nations on the one part, and Germany, on the other, establishing terms and conditions for the payment by Germany of its external debt after World War II. One portion of the LDA addressed payment of *various* bonds, including the Young, Dawes, and *Rheinelbe Union bonds*. With regard to these Bonds, the LDA included a provision by which bondholders were offered certain incentives if they accepted the terms of the LDA. For example, bondholders who accepted the terms of the LDA were to receive their payment *before* those who did not accept the "*offer*". (emphasis added).

   The bondholders who accepted the LDA exchange offer in 1953 have been paid as of October 3, 2010. Now, it is Plaintiffs time to be paid, according to the terms of the debts and bonds.

Dated: July 31, 2012

Respectfully submitted,                  By:    */s/Hassan A. Abbas*
                                                                  Plaintiffs' Counsel

ELFRIEDE KORBER                   Hassan A. Abbas
CHRISTOPHER MARK                (Illinois ARDC No. 6206474)
& Proposed Class Members         Attorney and Counselor at Law
**PLAINTIFFS**                                Hoveniersstraat 2, Ste. 232/Box 344
                                                   Antwerpen 2018 Belgium
                                                   Tel +323 233 3910 Fax +323 233 9767
                                                   Mobile +32 484 726 711
                                                   Email: haa-law@hotmail.com

## CERTIFICATE OF FILING AND SERVICE

I, Hassan A. Abbas, do hereby certify that a true and correct copy of the foregoing, **PLAINTIFFS NOTICE OF FILING OF CORRECTION RELATIVE TO DOC NO. 371 AT PAGE 4 OF 10, PAGE ID# 5071** was electronically filed this July 31, 2012, and further was served via the court's ECF/CM electronically to the defendants' counsel of record.


/s/     *Hassan Abbas*
        Plaintiffs Counsel